ON MOTION
PER CURIAM.
Appellants, as personal representatives of the estate of the original appellant herein, and substituted appellants due to his death during the pendency of this appeal, have asked this court to review an order of the lower court setting a $100,000 super-sedeas bond subsequent to oral argument of this cause.
As grounds for their motion appellants submit:
“1. The Court has under submission this interlocutory appeal orally argued February 26, 1973. The order appealed awards an $85,000.00 attorney’s fee to counsel for the wife in a dissolution of marriage proceeding.
“2. By order of the Court dated March 9, 1973, the appellants were substituted as appellants in Case No. 72-1491 for the original appellant Samuel H. Donner, deceased.
“3. On April 6, 1973, the trial court entered an order regarding supersedeas requiring appellants to post a $100,000 supersedeas bond. .
“4. The appellants do not wish to post a supersedeas bond since execution on the $85,000 judgment appealed in Case No. 72-1491 is prohibited by F.S.A. 733.19, which provides:
“ 733.19 EXECUTION AND LEVIES PROHIBITED
“ ‘No execution shall issue upon or be levied under any judgment against a decedent or against the personal representative, nor shall any levy be made against any property, real or personal, of the estate of a decedent. Claims upon all judgments against the decedent shall be filed in the same manner as other claims against estates of decedents ; provided, however, that the provisions of this section shall not be construed to prevent the enforcement of mortgages, pledges, liens or claims to specific property, real or personal.’
“5. Appellants are unaware of any authority requiring them to post a super-sedeas bond when they choose not to do so. If a deceased’s personal representatives can be required to post a superse-deas bond, the effect of such a requirement could be to prefer certain creditors over others contrary to the intent of the Florida Probate Law.
“6. While it is true that Samuel H. Donner agreed during his lifetime to furnish a $100,000 Irrevocable Letter of Credit in lieu of a supersedeas bond, he died before such was obtained.
*518 “7. Appellate Rule 5.10 provides for review by motion of an order regarding a supersedeas bond which is for any reason ‘not proper’. Appellants respectfully submit that it was not proper to require them to post a bond under the circumstances.”
We agree with appellant’s contention and believe the chancellor abused his discretion in ordering the posting of such a bond in the case sub judice. Accordingly, the order requiring appellants to post a su-persedeas bond is hereby reversed.-
Reversed.